## LATHAM v. COCA–COLA BOTTLING CO.

### No. 14564.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 29, 1943.

Rehearing Denied Nov. 26, 1943.

D. L. Whitehurst, of Dallas, and Archie C. Price, of Grand Prairie, for appellant.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas, for appellee.

BROWN, Justice.

This suit was brought by the appellant against Coca-Cola Bottling Company, appellee, on allegations that said defendant delivered a bottle of Coca-Cola to plaintiff's employer, and that same was in a defective condition when so delivered, and that, when she was handling the bottle, along with other bottles, placing same in a dry cooling refrigerator, just as she was laying the bottles down, with the bottoms or butts facing her, the bottle in her right hand exploded and threw several bits of glass in her right eye, causing her great pain and serious injury to that eye, and thereby injuring her left eye.

The theories of negligence charged to the defendant will be reflected in the special issues submitted to the jury, but we gather from the record that the plaintiff relies principally on the theory of an implied warranty, on the part of defendant, to furnish bottles that are not defective, but safe for handling by the public.

Defenses of contributory negligence, and of unavoidable accident, were pleaded by the defendant and are reflected in the said special issues.

Being tried to a jury, the issues determined are: (1) That a bottle of Coca-Cola, which was delivered by the defendant, exploded at the time and place in question, (2) the explosion injured the plaintiff, (3) the bottle was in a defective condition when it was delivered, (4) that the delivery of the defective bottle was not negligence, (5) proximate cause issue, not answered, (6) the defendant did not fail to use ordinary care in charging the bottle with gas, (7) proximate cause issue, not answered, (8) plaintiff's injuries were the result of an unavoidable accident, (9) the plaintiff did not permit the bottles to strike against each other, (12) she did not fail to use ordinary care in stacking the bottles on top of each other, (14) she did not fail to use ordinary care in failing to stand the bottles on their butt ends, (16) she did not handle the bottles roughly, (19) she suffered damages to the extent of $600.

Plaintiff moved for judgment on the verdict, and likewise, in the alternative, moved the trial court to disregard special issues Nos. 4, 6 and 8 and the jury's findings thereon and to award judgment for plaintiff.

These motions were denied, and the motion of the defendant to have a judgment rendered in its favor on the verdict was granted and judgment so rendered.

 The plaintiff having appealed, it is evident from the record that the trial court could not render a judgment for plaintiff on any theory of negligence pleaded and submitted to the jury for determination.

All such issues, including that of a finding that the accident was unavoidable, were determined in favor of defendant.

It follows that the plaintiff must rely upon the doctrine of implied warranty, if she is entitled to recover.

In support of her contention, appellant cites the leading case of Jacob E. Decker & Sons, Inc., v. Capps et al., 139 Tex. 609, 164 S.W.2d 828, 142 A.L.R. 1479, by our Supreme Court. That was a suit involving the sale of food that was contaminated and poisonous, and consumed by members of the Capps family.

We do not believe that this case, or any other cited by appellant, is authority for the rendition of a judgment for the plaintiff in the instant suit.

The undisputed evidence in the case before us is that the Bottling Company did not manufacture the bottle that exploded, but that same was manufactured for it, and the jury found that the defendant was not negligent in delivering the bottle in a defective condition, and was not negligent in charging the bottle with gas.

We do not believe that our Supreme Court intended that its holdings in the Decker case should be extended to such a case and such a record as we have before us.

Appellant brings to our notice a case from the Supreme Court of North Carolina —Grant v. Graham Chero-Cola Bottling Company, 176 N.C. 256, 97 S.E. 27, 4 A. L.R. 1090, but that case is easily distinguishable from the case at bar. The opinion discloses that many of the defendant's bottles had exploded and injured other persons and that these facts were well known to it, and it defended on the theory that it used the same means and methods as other similarly situated bottlers used, and that their bottles likewise exploded.

The opinion in the North Carolina case is bottomed solely upon negligence, and, measuring the case before us with the yardstick used in the North Carolina case, judgment for the defendant was properly rendered; there being no error in the trial court's charge, in the instant suit, and the charge in the North Carolina case being discussed at length by the Supreme Court.

Finding no error, the judgment of the trial court is affirmed.